UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| JORGE LUIS PRIETO GARCIA and all others similarly situated under 29 U.S.C. 216(B), <br><br>    Plaintiff, <br>vs. <br><br>LASER COURIER INC., <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

  Plaintiff, JORGE LUIS PRIETO GARCIA on behalf of herself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendant, LASER COURIER INC., and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. Defendant, LASER COURIER INC., is a foreign corporation that regularly transacts business within Dade County. Upon information and belief, Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. All acts or omissions giving rise to this dispute took place in Dade County.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendant has employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for

work performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

8. Plaintiff worked for Defendant as a delivery driver from on or about February 15, 2012 through on or about April 14, 2014.

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the goods and/or materials that Plaintiff used and/or handled on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

10. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $500,000 annually for the years 2011, 2012, and 2013.

11. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2014.

12. Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Plaintiff worked for Defendant from on or about February 15, 2012 through on or about April 14, 2014. During said time period Plaintiff worked an average of 55 hours a week for Defendant, and was paid an average of $19.09/hr for said work but was not paid the extra half-time overtime pay for any work performed above 40 hours a week in violation of the Fair Labor Standards Act. Plaintiff therefore claims the halftime rate for each overtime hour worked above 40 hours in a work week.

14. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

*The Plaintiff requests a trial by jury.*

                                      Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121